(C. D. 284)

CARL ZEISS, INC., v. UNITED STATES

United States Customs Court, Second Division

(Decided February 15, 1940)

*James W. Bevans* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as an "aerial camera." Duty was levied thereon at the rate of 40 per centum ad valorem under paragraph 360 of the Tariff Act of 1930 as a surveying instrument. It is claimed that said article is properly dutiable at but 20 per centum ad valorem under paragraph 1551 of said act as a photographic camera.

Four photographs of the imported camera are in evidence as Collective Exhibit 1, and two photographs showing pictures taken by said camera from an airplane were admitted in evidence as Collective Exhibit A. In addition, the plaintiff offered in evidence the testimony of one witness. The Government called no witnesses.

The said witness, Sigmund Meyer, vice-president of the plaintiff-corporation, testified that the article in question consisted of an objective lens, a shutter mechanism which allows an exposure of a fiftieth or a hundredth of a second, and a film mechanism; that it is not a motion-picture camera; that it takes a sequence of pictures each being a still picture, the next picture being adjacent to it and the two overlapping to a certain extent; that the imported camera is used for a number of purposes, to wit, in geological surveys, by mining companies in order to determine land suitable for mining activities, by oil companies in East India and South America, and for military purposes; and in determining the depth of river beds; that the camera is mounted in an airplane which flies over the territory desired to be photographed and successive photographs are taken; that the camera is operated in the same manner as is the ordinary camera; and that the imported camera may be operated either by hand or by an electric motor.

The cross-examination in no way changed the effect of the witness' testimony on direct examination.

In the recent case of *United States* v. *Carl Zeiss, Inc.*, C. A. D. 54, decided May 1, 1939, there was involved the question of the tariff classification of certain Nordenson or retinal cameras. Duty was levied thereon at the rate of 60 per centum ad valorem under the provision in paragraph 228 (a) of the Tariff Act of 1930 for "testing or recording instruments for ophthalmological purposes," and, as in the instant case, it was claimed that said cameras were properly dutiable at the rate of 20 per centum ad valorem under said paragraph 1551 as photographic cameras. In affirming the decision of the first division of this court sustaining the claim of the plaintiff, the appellate court said:

As is well known, there are many special forms of "cameras, panoramic, binocular, enlarging, etc." Webster's New International Dictionary. See also *United*

*States* v. *E. Leitz, Inc.*, 24 C. C. P. A. (Customs) 139, T. D. 48622, where "Photo-micrographic cameras for photo-micrographing metals" were held to be dutiable as photographic cameras at 20 per centum ad valorem under paragraph 1551, *supra.*

The involved cameras are used for no purpose other than the taking of photographs, *and the mere fact that they are used exclusively to photograph a particular object for a special purpose does not change their status as photographic cameras.* It is true they are used exclusively for ophthalmological purposes. However, the Congress did not provide in paragraph 228 (a) for all instruments used for ophthalmological purposes, but limited the provision therein to testing or recording instruments for ophthalmological purposes. [Italics ours.]

Inasmuch as we regard the doctrine there announced as here controlling, we follow the cited decision and hold as a matter of law that the so-called aerial camera on the invoice accompanying the entry covered by this suit, which was assessed with duty at the rate of 40 per centum ad valorem under paragraph 360 of the Tariff Act of 1930 as a surveying instrument, is properly dutiable at but 20 per centum ad valorem under paragraph 1551 of said act as a photographic camera, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.